**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000541
20-MAR-2019
07:51 AM**

NO. CAAP-18-0000541

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF AG

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 16-00057)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Appellant CG[1] (**Father**) appeals from the Order Terminating Parental Rights (**Order**) entered by the Family Court of the First Circuit (**Family Court**)[2] on June 21, 2018. Father contends: (1) the State of Hawai'i Department of Human Services (**DHS**) did not make a reasonable effort to reunify him with his child, AG (**Child**), by failing to provide him with a customized service plan to address his mental health needs; and (2) the Family Court erred by terminating both parents' parental rights instead of only terminating the parental rights of MS (**Mother**)[3] because there was insufficient evidence to meet the clear and convincing standard to support termination of his parental rights.

For the reasons explained below, we affirm the Order.

---

[1] Only the parties' initials are used because this case involves custody of a minor child. Hawaii Revised Statutes (**HRS**) § 571-54 (2018).

[2] The Honorable Jennifer L. Ching presided.

[3] Mother is not a party to Father's appeal.

I.

Father contends DHS "made no reasonable efforts to comply with the recommendations of Father's psychological evaluations and craft a service plan customized for his particular mental health needs." Father claims that recommendations for case management services, individual therapy, and anger management were not included in his service plan and not provided to him. Father contends his mental health issues impaired his ability to participate in services and DHS washed its hands of any responsibility to properly handle the situation other than pointing in the direction of services.

DHS must provide a reasonable opportunity to parents through a service plan to reunify the family. In re Doe, 100 Hawai'i 335, 343, 60 P.3d 285, 293 (2002). Father's contention that his mental health issues impaired his ability to recognize the need for and to participate in services is without merit. Father's July 5, 2017 psychological evaluation report stated Father "understands the legal significance of [Child Welfare Services] and the potential for [termination of parental rights], and although he doesn't agree with having to complete services, he understands that completion of services is required for reunification."

Recommendations for case management services, individual therapy, and anger management were not included in the December 2017 Family Service Plan, the last service plan ordered prior to termination of Father's parental rights. However, no substantial prejudice resulted to Father because Father does not dispute that he refused to participate in any services, failed to object to any service plan, and did not request additional services prior to trial on the Motion to Terminate Parental Rights. Under the circumstances, Father has no cognizable procedural complaint. In re Doe, 100 Hawai'i at 343-44, 60 P.3d at 293-94.

2

## II.

Father contends that there was no clear and convincing evidence to support termination of his parental rights, thus, his parental rights should have been left intact even though Mother's parental rights were terminated. Termination of parental rights requires clear and convincing evidence "that the parent is unwilling or unable to provide his or her child with a safe family home at the time a permanent plan hearing is conducted and that the parent will not become willing or able to do so within a reasonable period of time." In re Doe, 95 Hawai'i 183, 192, 20 P.3d 616, 625 (2001).

Father testified that he is not employed and he lives in a "nonlivable" 8' x 12' shed on property that does not have running water or power. Father did not believe it was a safety concern that he lives in a nonlivable home. Father denied having a history of using illicit substances but admitted he uses marijuana, beer, and meth "[w]henever I have to and whatever I have to." Father denied his child was removed because the property was unlivable or he did drugs, but rather "something completely different than all of this." Father also did not agree with the diagnoses in his psychological evaluations and did not believe he needed substance abuse treatment, individual therapy, anger management, parent education, or case management services. Father admitted he did not complete any of those services "[b]ecause I think it's a waste of time for me[.]" Father stated he would not participate in a service plan because "I'm not retarded."

A DHS social worker, Ching Duncan (**Duncan**), testified Father did a few random drug tests and a couple of intensive outpatient sessions but he was not willing to participate in any other recommended services. DHS did not allow unsupervised visits because Father self-medicates with marijuana, which also put Father's ability to provide a safe family home into question. Father tested positive for amphetamine, methamphetamine, and THC on April 21, 2016, and did not participate in any further random urinalyses; DHS did not believe Father would be able to provide a

safe family home because his judgment would be altered by possible continuing drug use. Duncan stated that Father "appears to have a pattern of misinterpreting social cues and act on it," even though "his version of what's going on around him cannot be verified by another person." That would affect the decisions he makes about providing a safe home for Child. Duncan stated Father does not believe he needs to make any changes. In her opinion, it is not reasonably foreseeable that Father will become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time because Father is convinced he does not have to make any changes and sees himself as a good parent.

Child entered foster care on June 3, 2016. Trial on the Motion to Terminate Parental Rights was held two years later, on June 20, 2018. Father admitted to continued drug use throughout the case, did not believe he needed substance abuse treatment because it was a waste of time, and stated that he would not participate in any service plan. There was clear and convincing evidence "that [Father] is unwilling or unable to provide his . . . child with a safe family home . . . and that the [Father] will not become willing or able to do so within a reasonable period of time." In re Doe, 95 Hawai'i at 192, 20 P.3d at 625. The Family Court did not err by terminating Father's parental rights.

Based on the foregoing, the Family Court's Order Terminating Parental Rights is affirmed.

DATED: Honolulu, Hawai'i, March 20, 2019.

On the briefs:

Jacob G. Delaplane,
for Father-Appellant.

Kellie M. Kersten,
Julio C. Herrera,
Patrick A. Pascual,
Erin L.S. Yamashiro,
Deputy Attorneys General,
for Petitioner-Appellee.

Chief Judge

Associate Judge

Associate Judge